DECISION AND JUDGMENT ENTRY
This is an appeal from a March 30, 2000 decision of the Wood County Court of Common Pleas that appellant, Ralph Leroy Webster, is a sexual predator pursuant to R.C. Chapter 2950. Appellant has presented three assignments of error for consideration that are:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING HIS MOTION TO DISMISS FURTHER PROCEEDINGS WHEN THE DOCTRINES OF LAW OF THE CASE AND RES JUDICATA PRECLUDED SUCH PROCEEDINGS REGARDING A SEXUAL PREDATOR HEARING PURSUANT TO OHIO REVISED CODE SECTION 2950.09(C)(1).
SECOND ASSIGNMENT OF ERROR
 OHIO REVISED CODE SECTION 2950.09 IS UNCONSTITUTIONAL IN THAT IT VIOLATES ARTICLE I, § 26 OF THE OHIO CONSTITUTION.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN THAT IT WAS NOT SHOWN BY CLEAR AND CONVINCING EVIDENCE THAT HE SHOULD BE CLASSIFIED A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE SECTION 2950.09 AND AS FURTHER DEFINED IN OHIO REVISED CODE SECTION 2950.01(E)."
The pertinent facts and procedure in this case are summarized below.
On April 14, 1987, appellant entered a plea of guilty in the Wood County Court of Common Pleas to two counts of gross sexual imposition, violations of R.C. 2907.05, and to one count of sexual battery, a violation of R.C. 2907.03, for which he had previously been indicted. The trial court accepted his pleas and found him guilty on all three counts. The trial court subsequently sentenced appellant to concurrently serve three to ten years on each count of gross sexual imposition, and to consecutively serve a sentence of four to ten years for the one count of sexual battery.
In 1997, the trial court journalized an entry in which it explained that appellant had been referred to the court by the Department of Rehabilitation and Correction for a hearing to determine if he should be classified as a sexual predator, pursuant to then newly enacted statutory provisions found in R.C. Chapter 2950. The trial court ruled that the retroactive application of the statute was unconstitutional as applied to appellant, who was already in prison. The trial court therefore declined to hold a hearing or to designate appellant as a sexual predator.
Appellee, the state of Ohio, appealed that decision to this court. The appeal was consolidated with several other similar appeals, and on June 26, 1998, this court affirmed the ruling of the trial court that the new sexual predator statute could not be applied retroactively. State v.Gonyer (June 26, 1998), Wood App. No. WD-97-062, unreported. On July 7, 1998, this court issued an errata, noting that through clerical error, the trial court number for this case was omitted from the consolidated decision issued on June 26, 1998, and directing that the caption be amended to include the trial court number for this case.
Even though this court certified the State v. Gonyer consolidated cases for certification as being in conflict with rulings from other district courts of appeals, the state never appealed this court's decision relating to the cases, including this case, that were consolidated withState v. Gonyer. Therefore, the ruling of the trial court was affirmed, and this court did not order any further proceedings by the trial court.
On September 30, 1998, the Supreme Court of Ohio issued a ruling in a case titled State v. Cook which would have resulted in a reversal ofState v. Gonyer if the state had appealed State v. Gonyer. The Supreme Court of Ohio found that the retroactive application of the sexual predator laws was not unconstitutional.
State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
On February 7, 2000, the trial court issued a notice of hearing. On February 11, 2000, appellant filed a motion to dismiss any further proceedings relating to a sexual predator hearing. Appellant argued that the doctrine of "law of the case" and the principles of res judicata
applied to bar any further proceedings on the sexual predator classification pursuant to R.C. 2950.09. He also filed a separate motion to dismiss in which he argued that the sexual predator statute is unconstitutional. The state filed memorandums in opposition to both motions to dismiss.
On March 7, 2000, the trial court issued an order denying appellant's motion to dismiss any further proceedings. The trial court ruled that neither law of the case nor res judicata applied as bars to further proceedings. The trial court referred to an earlier ruling it made in a similar case in which it explained its reasoning for its rulings that law of the case and res judicata were not applicable to prevent a second sexual predator proceeding.
On March 30, 2000, after conducting a sexual predator classification hearing, the trial court ruled that appellant must be classified as a sexual predator. Appellant then brought this appeal.
This court recently considered a case with virtually identical procedural facts.[1] State v. Weatherford (Jan. 12, 2001), Wood App. No. WD-00-042, unreported. In that case, we ruled that the doctrine ofres judicata applies, and that "this court's June 26, 1998 decision affirming the trial court's decision in this case remains a valid, final judgment on the merits of appellant's sexual predator status." Id.
Applying that same reasoning to this case, we find appellant's first assignment of error is well-taken.
Our disposition of the first assignment of error renders the remaining assignments of error moot. The judgment of the Wood County Court of Common Pleas is reversed, and this case is remanded with instructions to that court to vacate the March 30, 2000 judgment it issued in this case classifying appellant as a sexual predator and to dismiss this case. Appellee is ordered to pay the court costs of this appeal.
 ____________________________ James R. Sherck, J.
JUDGE
 Mark L. Pietrykowski, P.J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] In fact, the case was one of the cases consolidated with this case on appeal in State v. Gonyer (June 26, 1998), Wood App. No. WD-97-062, unreported.